United States District Court
Southern District of Texas
**ENTERED**
August 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANGELA ROBINETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-129 |
| | § | |
| JOE TAYLOR, M.D., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Angela Robinett, a former inmate who served time in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), filed a civil rights complaint under 42 U.S.C. § 1983 while she was still incarcerated (Dkt. 1). Because her first complaint was very difficult to understand, Robinett filed an amended complaint at the Court's request (Dkt. 8 and Dkt. 10). Robinett, who proceeds *pro se* and *in forma pauperis*, alleges that the defendants—a doctor, a physician's assistant, and an administrator at Carole Young Medical Facility, where Robinett was housed—did not schedule or reschedule certain appointments with specialists when Robinett deemed those appointments necessary (Dkt. 10 at p. 5). She seeks an injunction compelling the defendants to schedule the appointments, as well as monetary damages (Dkt. 10 at p. 5). The Court will dismiss Robinett's claims.

When a prisoner seeks redress from a governmental entity, the presiding court must dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

It is unclear in what capacity, official or individual, Robinett has sued the defendants. To the extent that Robinett seeks monetary damages from the defendants in their official capacities, those claims must be dismissed because the Eleventh Amendment bars them absent a waiver by the state. *See Cozzo v. Tangipahoa Parish Council—President Government*, 279 F.3d 273, 280–81 (5th Cir. 2002). Regardless of the capacity in which she has sued the defendants, Robinett's claims for injunctive relief must be dismissed because they have been rendered moot by Robinett's release. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

More fundamentally, Robinett's allegations do not rise to the level of an Eighth Amendment violation. To begin with, she does not set out a claim of any kind against the administrator, Defendant Noor, whom she barely mentions. As for her claims against the doctor, Defendant Joe Taylor, M.D., and the physician's assistant, Defendant Robert Knoth, PA-C, she essentially argues that Dr. Taylor, distracted by his administrative responsibilities, deferred inappropriately to Knoth instead of treating her himself or referring her to specialists (Dkt. 10 at pp. 3–4). Robinett, who suffers from coronary artery disease, lost "trust" in Knoth because she thought Knoth improperly treated a bout of chronic chest pain by diagnosing that pain as angina without referring her to a cardiologist (Dkt. 10 at pp. 3–4).

A prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates "deliberate indifference to serious medical needs" on the part of prison officials or other state actors. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The conduct alleged must "constitute an unnecessary and wanton infliction of

pain" or "be repugnant to the conscience of mankind." *Id.* at 104–06 (quotation marks omitted). This is an "extremely high standard to meet"—*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—and, absent exceptional circumstances, it is not met by an incorrect diagnosis, unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment. *Id.*; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Rather, the prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quotation marks omitted). Robinett makes no such showing; she simply complains that she didn't see Dr. Taylor or various unnamed specialists as often as she wanted to and was instead pawned off on Knoth, whom she considered incompetent (Dkt. 10 at pp. 3–5). The fact that she did not see those doctors when she wanted to and was instead treated by Knoth is insufficient to state a claim, as "the decision whether to provide additional treatment is a classic example of a matter for [the] medical judgment" of Dr. Taylor and Knoth. *Gobert*, 463 F.3d at 346 (quotation marks omitted).

Knoth's allegedly erroneous treatment of Robinett's chest pain, and Dr. Taylor's "condon[ing]" of that treatment (Dkt. 10 at p. 4), are also not actionable because Robinett is again merely questioning the medical judgment exercised by Knoth and Dr. Taylor. Robinett's description of the incident contains no factual details indicating that it even comes

3

close to the level of, for instance, a refusal to get help for an obvious heart attack. *Cf. Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000).

Robinett's complaint is **DISMISSED** with prejudice. All pending motions are **DENIED**.

The Clerk will provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Galveston, Texas on August 19, 2016.

George C. Hanks
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE